UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OLGA Y.,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. 3:19-CV-5894-DWC

ORDER GRANTING MOTION TO DISMISS

Plaintiff appeals from the final decision of the Administrative Law Judge ("ALJ") denying her application for supplemental security income benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act. Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Motion") based upon Plaintiff's failure to file a timely appeal of the ALJ's final decision. Dkt. 12. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 8.

Plaintiff's Complaint was not filed within the sixty-day limitations period articulated in 42 U.S.C. § 405(g), and Plaintiff has not demonstrated extraordinary circumstances warranting

equitable tolling. Thus, the Court grants Defendant's Motion and dismisses this case with prejudice.

## FACTUAL AND PROCEDURAL HISTORY

On June 27, 2018, an ALJ issued a decision denying Plaintiff's claim for benefits under (Title XVI) of the Social Security Act.[1] Dkt. 13, Exhibit 1, Declaration of Chrstianne Voegele. Plaintiff requested review of the ALJ's decision by the Social Security Appeals Council. *Id.* On April 9, 2019, the Appeals Council denied Plaintiff's request for review. Dkt. 13, Exhibit 2, Declaration of Chrstianne Voegele. A notice of the Appeals Council's action on Plaintiff's request for review and of the right to commence a civil action within sixty days from the date of receipt, which was assumed to be five days after the date Plaintiff's request for review was denied, was sent by mail to Plaintiff's home address. *Id.* The notice also informed Plaintiff she could request more time to file for judicial review. Dkt. 13, Exhibit 2 at 22-23.

On September 20, 2019, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* ("Motion for IFP"), which the Court granted, along with her Complaint. Dkt. 1, 4. The Court now considers Defendant's Rule 12(b)(6) Motion. Dkt. 12.

## LEGAL STANDARD AND CONSIDERATION OF EVIDENCE

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint on the grounds it "fails to state a claim upon which relief can be granted." To state a claim for which relief may be granted, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

---

[1] Plaintiff retained counsel through the ALJ's hearing, but filed a request for review with the Appeals Council without the assistance of counsel. Dkt. 13, Exhibit 1 at 7, Exhibit 2 at 25. Plaintiff is now proceeding *pro se*. Dkt. 1.

Defendant attached the following exhibits to support the Motion: Declaration of Christianne Voegele,[2] Exhibit 1: ALJ Decision, Exhibit 2: Appeals Council Denial of Review. *See* Dkt. 13. In ruling on a motion to dismiss, "a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). If, on a motion to dismiss under Rule 12,

> matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

However, the Court may consider documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Wheat v. Comm'r of Soc. Sec.,* 2017 WL 469311, at *3 (E.D. Cal. Feb. 3, 2017) (granting motion to dismiss for failure to file complaint within the sixty-day statute of limitations based on documents attached to defendant's motion to dismiss pursuant to Rule 12(b)(6)). Here, the

---

[2] Christianne Voegele is Chief of Court Case Preparation and Review, Branch 1 of the Office of Appellate Operations. *See* Declaration at 1.

Exhibits are ones upon which Plaintiff's Complaint depends, thus, the Court will consider them as incorporated by reference.

Here, Defendant contends dismissal is required because Plaintiff failed to file her Complaint within the sixty–day statute of limitations provided by 42 U.S.C. § 405(g). Although the statute-of-limitations defense is usually raised in an answer to a complaint, "it may be raised in a motion to dismiss when the running of the statute is apparent from the face of the complaint." *See Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987) (citing *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)). "Such a motion to dismiss should be granted only if the assertions of the complaint, read with required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.* (quoting *Conerly*, 623 F.2d at 119).

## DISCUSSION

**I. Untimely Complaint**

In the Motion, Defendant contends the case should be dismissed because Plaintiff's Complaint was untimely filed. Dkt. 12. Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) and (h) of the Social Security Act, which authorizes federal judicial review of a final decision of the Commissioner within "sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *Bowen v. City of New York,* 476 U.S. 467, 479 (1986) (Sections 405 (g) and (h) operate to constitute a sixty–day statute of limitations in which the claimant may appeal a final decision from the Commissioner). Pursuant to 20 C.F.R § 422.210(c), the date of receipt of is presumed to be five days after the date of notice.

1         Here, the Appeals Council mailed a notice to Plaintiff on April 9, 2019, denying her

2 request for review of the ALJ's decision, thus making the ALJ's decision the Commissioner's

3 final decision. Dkt. 13, Declaration at 3-4; Dkt. 13, Exhibit 2. The notice from the Appeals

4 Council informed Plaintiff if she wished to commence a civil action, she must do so within sixty

5 days of the letter's receipt and receipt of the letter was assumed to be five days from the date of

6 the letter, or April 14, 2019. Dkt. 13, Exhibit 2 at 22-23. Thus, the statute of limitations expired

7 on June 14, 2019. Plaintiff filed her complaint on September 20, 2019, more than three months

8 after the statute of limitations expired. Dkt. 1.

9         A complaint brought pursuant to 42 U.S.C. § 405(g) may be dismissed on a 12(b)(6)

10 motion if it appears beyond doubt from the face of the complaint "that the plaintiff can prove no

11 set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United

12 States*, 68 F.3d 1204, 1207 (9th Cir. 1995)). As it is apparent from the face of Plaintiff's

13 Complaint she did not properly file within the prescribed statutory period, Plaintiff's Complaint

14 is dismissed as time barred.

**II. Equitable tolling**

16         Defendant further argues there are no circumstances in this case to justify equitable

17 tolling of the statute of limitations period.[3] Dkt. 12 at 4-5, Dkt. 14 at 2-5. Despite Plaintiff's

18 Complaint being untimely, a Court should not dismiss a case as untimely unless "the assertions

19 of the complaint, read with required liberality, would not permit the plaintiff to prove that the

20 statute was tolled." *Vernon*, 811 F.2d 1274, 1278 (9th Cir. 1987) (*citing Conerly*, 623 F.2d at

---

[3] The Court also notes that Plaintiff was notified of her right to seek and could have sought an extension with the Commissioner to extend the sixty-day deadline to file a civil action. See 42 U.S.C. § 405(g). However, as of November 22, 2019, the date Christianne Voegele signed her declaration, Plaintiff had not requested an extension. Dkt. 13, Declaration at 3-4. Plaintiff's reply to Defendant's Motion, dated December 26, 2019, is titled "Motion for extension of time", which the Court construes as a request to deny Defendant's Motion. *See* Dkt. 16.

119). "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Social Security Administration regulations governing extensions of time for filing are based on considerations of fairness to claimants, and therefore, an extension may be granted where a suit was not timely filed because of illness, accident, destruction of records, or mistake. *Bowen*, 476 U.S. at 480. An extension may also be granted where the claimant misunderstands the appeal process or is unable to timely collect necessary information, or where the Secretary undertook action which "misled" the claimant concerning his right to review. *Id*. at 480, n. 12 (citing 20 C.F.R. §§ 404.911, 416.1411).

Plaintiff acknowledges that she received the Appeals Council notice on April 9, 2019. Dkt. 5, at 3. Plaintiff contends that after her attorney stopped working on her case, she contacted the Social Security Administration to determine how to appeal their decision. Dkt. 16 at 1. Plaintiff contends that she was provided with the Court's physical address, and wrote a letter to the Court on May 23, 2019 explaining her situation. Dkt. 16 at 1, 3-4.

When Plaintiff did not receive a response, Plaintiff, whose English is limited, asked her daughter to conduct research on how to appeal the agency's decision. Dkt. 16 at 1. After discovering the proper filing procedure, Plaintiff filed a complaint with this Court on September 20, 2019. Dkt. 1. Plaintiff contends that she was unaware of the proper filing procedure, and asks

the Court to consider May 23, 2019, the date she sent her letter to the Court, as the filing date for her complaint. Dkt. 17 at 1.

There is no record of the Court receiving Plaintiff's May 23, 2019 letter. Even if the Court did receive this letter, it is not clear from the language of the letter that Plaintiff was appealing an unfavorable Social Security disability determination. Dkt. 16 at 3-4. Nor does the letter appear to contain Plaintiff's contact information, so there was no way for Court personnel to contact Plaintiff to clarify her intentions. *Id.*

Plaintiff's lack of fluency in English may have been a factor in her failure to file a timely complaint in this Court. However, it does not constitute an "extraordinary circumstance" beyond Plaintiff's control, and does not explain why Plaintiff waited nearly 5 months to ascertain the proper procedures for filing a complaint with this Court. There is no evidence of misleading conduct by the Commissioner, and Plaintiff concedes she received the Appeals Council notice containing procedures for requesting an extension of time from the Appeals Council and filing a complaint with this Court. The Court cannot say that Plaintiff pursued her rights diligently, the sixty-day time restriction set forth in 42 U.S.C. § 405(g) bars review of the administrative decision denying the claim for Social Security benefits, and no special circumstances exist which warrant this Court to toll the limitation period.

## CONCLUSION

For the reasons stated above, Defendant's Motion is GRANTED, and Judgment shall be entered dismissing this action with prejudice.

Dated this 29th day of January, 2020.

David W. Christel
United States Magistrate Judge